Thomas M. Richardson, Bar No. 018582
Raechel R. Barrios, Bar No. 024125
FRIEDL RICHARDSON
19840 N. Cave Creek Road
Phoenix, Arizona 85024
(602) 553-2220
Tommy@friedlrichardson.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ARIZONA

| | |
|---|---|
| DELLA SHEEHAN, a single individual | NO. |
| Plaintiff, | COMPLAINT |
| vs. | (Federal Tort Claims Act: Automobile Negligence) |
| ANTHONY BARON AND JANE DOE BARON, husband and wife; UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; DOES I-X | |
| Defendants. | |

Plaintiff Della Sheehan, by and through the law firm of FRIEDL RICHARDSON, alleges as follows:

1) Plaintiff Della Sheehan at all times relevant was a resident of Maricopa County within the State of Arizona, and the cause of action as herein alleged, arose in said County and State.

2) Defendants ANTHONY BARON and JANE DOE BARON, upon information and belief are residents of the State of Arizona out of which the subject matter of this lawsuit arose.

1

3) Plaintiff, upon information and belief alleges that Defendant ANTHONY BARON, at all times material, was acting for and on behalf of the marital community as consisting of ANTHONY BARON, and JANE DOE BARON. Plaintiff does not, at the present time, know the true name of the defendant denominated as JANE DOE BARON, and therefore sue her by her fictitious name. At such time as the true name and identity of this fictitious Defendant becomes known to Plaintiff, Plaintiff will request leave of this Court to amend the complaint.

4) This action arises under Title 28 U.S.C.A. § 2671 et. seq. the Federal Tort Claims Act. Jurisdiction for this action arises under 28 U.S.C.A §1346b.

5) The United States Postal Service is an independent establishment of the Executive Branch of the Government of the United States of America.

6) The Unites States Postal Service through its agents/employees have caused acts or events to occur within the State of Arizona, which acts or events form the basis for the cause of action set forth.

7) The amount in controversy in this matter exceeds the minimal jurisdictional amount required for this court's jurisdiction.

8) Plaintiff has provided Defendant UNITED STATES POSTAL SERVICE with notice of her claim pursuant to Title 28 CFR §14. Said Claim has been denied.

9) On April 10, 2009, at or near 3289 South 48th Street, (Southern Avenue and 48th Street) Tempe, in the County of Maricopa, State of Arizona, Defendant ANTHONY BARON was driving a vehicle, an 18-Wheeler, owned by the Defendant UNITED STATED POSTAL SERVICE.

10) On April 10, 2009, Defendant ANTHONY BARON was driving in the course and scope of his employment with Defendant UNITED STATED POSTAL SERVICE.

11) On April 10, 2009, Defendant ANTHONY BARON was driving west on Southern Avenue.

12) On April 10, 2009, Defendant ANTHONY BARON attempted to turn right or north onto 48th Street.

13) On April 10, 2009, the traffic signal for westbound through travel was green as Defendant ANTHONY BARON attempted to turn right.

14) On April 10, 2009, as Defendant ANTHONY BARON attempted to turn right, he ran over Plaintiff Della Sheehan.

15) On April 10, 2009, at the time Defendant ANTHONY BARON attempted to turn right, Plaintiff Della Sheehan was on her bicycle, in the crosswalk, for westbound pedestrian travel, across 48th Street, on the north side of the intersection.

16) On April 10, 2009, Plaintiff Della Sheehan was in the crosswalk pursuant to a white illuminated pedestrian sign.

17) The pedestrian sign allowed Plaintiff Della Sheehan to proceed into the crosswalk.

18) People driving 18-Wheelers should observe all pedestrian and bicycle travel approaching or in the crosswalk before they turn right.

19) A pedestrian and a bicyclist have the same rights in a crosswalk in Tempe, Arizona.

20) A pedestrian and a bicyclist legally in the crosswalk have the right of way and vehicles on the roadway should yield.

21) On April 10, 2009, before Defendant ANTHONY BARON attempted to turn right, he failed to observe whether the crosswalk was free of pedestrian travel.

22) On April 10, 2009, as Defendant ANTHONY BARON attempted to turn right, he failed to yield the right of way to Plaintiff Della Sheehan in the crosswalk.

23) The above described collision was caused by the careless, negligent, and unlawful acts and/or omissions of Defendant ANTHONY BARON in the control, operation, and use of the postal truck owned by Defendant, UNITED STATES POSTAL SERVICE.

24) The Defendant, ANTHONY BARON upon information and belief at all times relevant, was an agent and/or employee of the Defendant UNITED STATES POSTAL SERVICE, and was acting in the course and scope of his employment.

25) As a direct and proximate result of the careless, negligent, and unlawful acts or omissions of Defendant in the control, operation, and use of the postal truck, Plaintiff was injured. Plaintiff was injured as a result of the negligent conduct of Defendant ANTHONY BARON acting within the course and scope of his employment with the UNITED STATES POSTAL SERVICE.

26) The Defendant, UNITED STATES POSTAL SERVICE, as a matter of policy and practice has negligently failed to adequately train, supervise and/or instruct its employees while operating their postal vehicles.

27) As a direct and proximate result of the negligent acts of Defendants, Plaintiff DELLA SHEEHAN has suffered injuries and continues to suffer pain, discomfort and limitations and will continue to suffer pain, discomfort and limitations relating to her injuries in the future.

28) As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred a loss of income and may have her earning capacity impaired, all in a sum according to proof.

Wherefore, Plaintiff prays for judgment against Defendants, ANTHONY BARON and the UNITED STATES POSTAL SERVICE as follows:

1) For general damages for Plaintiff, including past and future pain, suffering, emotional distress and permanent bodily injuries in an amount to be determined at the trial of this matter;

2) For costs incurred by the Plaintiff;

3) For lost income incurred by Plaintiff;

4) For such other and further relief as this Court deems just and proper under the circumstances.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED this 3 day of March, 2011.

FRIEDL RICHARDSON, P.C.

By /s/
THOMAS M. RICHARDSON
19840 N. Cave Creek Road
Phoenix, Arizona 85024
Attorney for Plaintiff